IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRENE MOMI PARAVE,

     Plaintiff,

v.

OLIVERIO INVESTMENT AND
CONSULTING INC. D/B/A
DOREEN'S CUP OF JOE, a Florida
profit corporation, JOSEPH OLIVERIO,
an individual, and DOREEN OLIVERIO,
an individual,

     Defendants.

Case No. 2:25-cv-00134

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff IRENE MOMI PARAVE ("Plaintiff" or "Parave") sues Defendant, OLIVERIO INVESTMENT AND CONSULTING INC. D/B/A DOREEN'S CUP OF JOE, ("OIC"), JOSEPH OLIVERIO ("J. Oliverio") and DOREEN OLIVERIO ("D. Oliverio") and states as follows:

### CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq. (FLSA), 26 U.S.C. § 7434, and Florida common law.

### PARTIES

2. Plaintiff is an individual who currently resides in Collier County, Florida.

3. Defendant OIC is a Florida profit corporation with its principal place of business located in Collier County, Florida.

CALCIANO PIERRO, PLLC

4.      Defendant J. Oliverio, an owner and manager of OIC, is an individual who resides in Collier County, Florida.

5.      Defendant D. Oliverio, an owner and manager of OIC, is an individual who resides in Collier County, Florida.

## JURISDICTION AND VENUE

6.      Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 29 U.S.C. §216 (b), and 26 U.S.C Code § 7434 because this action involves federal questions under the Fair Labor Standards Act and Internal Revenue Code. Jurisdiction over the state law claim set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7.      Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Collier County, Florida.

8.      Venue is proper in the Fort Myers Division because the action accrued in Collier County, Florida over which the Fort Myers Division has jurisdiction.

9.      All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

10.      Defendant OIC operates a breakfast and lunch café.

11.      Plaintiff was formerly employed by Defendant as a manager and server.

2

## FLSA Coverage

12.     At all times material hereto, Defendant OIC was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

13.     At all times relevant, Defendant OIC had annual gross revenues of at least $500,000.00.

14.     At all times relevant, Defendant OIC employed two or more individuals who, in the course and scope of their employment, handled items (including, but not limited to, food items and restaurant supplies) that were manufactured outside of the state and moved through interstate commerce.

15.     At all times material hereto, Defendants J. Oliverio and D. Oliverio were each an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

16.     Defendants J. Oliverio and D. Oliverio exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

17.     Defendants J. Oliverio and D. Oliverio devised and implemented all employee pay policies of the company including those directly affecting Plaintiff.

18.     At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of at least the federal minimum wage for all regular hours worked.

19.     As a non-exempt employee, Plaintiff was also entitled to payment of one and one half times her effective hourly rate for all hours worked in excess of forty (40) in a workweek.

### Terms and Conditions of Employment

20.     During the relevant time period, Defendants promised to pay Plaintiff an hourly wage of $30.00, plus she would receive tips.

21.     Plaintiff's job duties included, but were not limited to, the service of customers.

22.     Plaintiff worked full-time for Defendants.

### Failure to Pay Promised Compensation

23.     Plaintiff's final workweek commenced on August 12, 2024 and ended on August 18, 2024.

24.     Plaintiff worked a total of 49.4 hours during said workweek.

25.     Her total earned wages, including regular and overtime wages, were $1,641.00.

26.     Despite meeting all conditions precedent to receiving the earned wages, Plaintiff was wrongfully denied payment of the wages by Defendant OIC.

27.     In fact, Defendant OIC initially issued a paycheck to Plaintiff for the wages, only to stop payment on the check without justification.

28.     The amount earned by Plaintiff during her final workweek remains unpaid.

### Failure to Pay Federal Minimum Wages

29.    Despite the minimum wage mandate of the FLSA, for one or more workweeks, Defendants failed to pay Plaintiff wages of any kind for the last week of her employment, let alone her promised compensation.

### Failure to Pay Overtime Wages

30.    Plaintiff worked in excess of 40 hours during the final workweek of her employment.

31.    Despite the overtime pay mandate of the FLSA, Defendants failed to pay Plaintiff her regular straight-time wags as well as her earned overtime wages.

### Filing of Fraudulent W-2 for Tax Year 2024

32.    On or about, January 30, 2025, Defendants issued a W-2 to Plaintiff for tax year 2024 and filed same with the IRS.

33.    The W-2 filed by Defendant included the wages on which Defendant had stopped payment and have never paid to Plaintiff.

34.    Defendants included the unpaid wages on the W-2 despite knowing that they had purposefully failed to pay such wages to Plaintiff.

### COUNT I
*(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat. § 448.08- Against Defendant OIC)*

35.    Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 34.

36.    Plaintiff performed all conditions precedent to receipt of her earned compensation for the final week of her employment.

37.     Defendant's failure to pay Plaintiff the earned compensation in full constitutes a breach of a contract.

38.     Defendant's breach has damaged Plaintiff by denying full compensation for the work performed.

39.     Because the unpaid compensation constitutes wages, Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.08.

WHEREFORE, Plaintiff demands judgment against Defendant for unpaid contractual pay plus prejudgment interest together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206-Against All Defendants)*

40.     Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 34.

41.     The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

42.     During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each regular hour worked in a workweek.

43.     For the final workweek of Plaintiff's employment, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

CALCIANO PIERRO, PLLC

44.     Defendants owe Plaintiff unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

45.     Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT III
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207- Against All Defendants)*

46.     Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 34.

47.     During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a workweek.

48.     During the final workweek of her employment, Plaintiff worked in excess of forty (40) hours in a workweek

49.     In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half the effective hourly, regular rate of pay for the overtime hours worked.

50.    As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

51.    Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

52.    Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT IV
### *(Fraudulent Filing of Information Returns in Violation of 26 U.S.C. § 7434 Against All Defendants)*

53.    Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 34.

54.    Defendant willfully filed a fraudulent information return with respect to payments purported to be made to Plaintiff.

55.    Defendant filed a W-2 for tax year 2024 that included wages on which Defendant had stopped payment and did not actually pay to Plaintiff.

56.    Defendant knew that the information return was fraudulent.

57.    Plaintiff has been harmed by the fraudulent filing, including potential tax liabilities and complications with the Internal Revenue Service.

WHEREFORE, Plaintiff asks that judgment be entered against the Defendants, jointly and severally, for statutory damages equal to the greater of $5,000 or the sum of actual damages, plus costs of the action and reasonable attorney's fees, and a declaration that the information return filed by Defendants was fraudulent.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 19th day of February 2025.        Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com