UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRENE MOMI PARAVE,

    Plaintiff,

v.                                  CASE NO.: 2:25-cv-00134-JLB-KCD

OLIVERIO INVESTMENT AND
CONSULTING INC. D/B/A
DOREEN'S CUP OF JOE, a Florida
profit corporation, JOSEPH OLIVERIO,
an individual, and DOREEN OLIVERIO,
an individual.

    Defendants.

_____/

Defendants, OLIVERIO INVESTMENT AND CONSULTING INC. D/B/A

DOREEN'S CUP OF JOE. ("OIC"), JOSEPH OLIVERIO, and DOREEN

OLIVERIO, by and through their undersigned counsel, answer the Complaint as

follows:

## CAUSES OF ACTION

1.    Admitted that Plaintiff attempts to bring an action under the cited laws;

denied that Defendants are liable.

## PARTIES

2.    Without knowledge and therefore denied as to where Plaintiff resides.

3.    Admitted.

4.    Admitted.

5.    Admitted.

## JURISDICTION AND VENUE

6.    Admitted for jurisdictional purposes only.

7.    Admitted for jurisdictional purposes only.

8.    Admitted for venue purposes only.

9.    Without knowledge and therefore denied.

## GENERAL ALLEGATIONS

10.    Denied.

11.    Denied.

## FLSA COVERAGE

12.    Denied.

13.    Denied.

14.    Denied.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Without knowledge and therefore denied.

19.    Admitted.

## TERMS AND CONDITIONS OF EMPLOYMENT

20.    Denied.

21.    Admitted.

22.   Without knowledge and therefore denied.

## FAILURE TO PAY PROMISED COMPENSATION

23.   Admitted.

24.   Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Admitted that Plaintiff did not cash her final paycheck.

## FAILURE TO PAY FEDERAL MINIMUM WAGES

29.   Denied.

## FAILURE TO PAY OVERTIME WAGES

30.   Denied.

31.   Denied.

## FILING OF FRAUDULENT W-2 FOR TAX YEAR 2024

32.   Denied that Defendants issued a W-2 to Plaintiff.

33.   Admitted that the original W-2 included wages that were not paid to Plaintiff due to an acknowledged mistake by the payroll company that has since been corrected.

34.   Denied.

## COUNT I

35.   Defendants incorporate their responses to paragraphs 1-34 as if fully set herein.

36.   Without knowledge and therefore denied.

37.   Denied.

38.   Denied.

39.   Denied.

## COUNT II

40.   Defendants incorporate their responses to paragraphs 1-34 as if fully set herein.

41.   The law speaks for itself; no response is required.

42.   Admitted.

43.   Denied.

44.   Denied.

45.   Denied.

## COUNT III

46.   Defendants incorporate their responses to paragraphs 1-34 as if fully set herein.

47.   Admitted.

48.   Denied.

49.   Denied.

50.   Denied.

51.    Denied.

52.    Denied.

## COUNT IV

53.    Defendants incorporate their responses to paragraphs 1-34 as if fully set herein.

54.    Denied.

55.    Admitted that the original W-2 included wages that were not paid to Plaintiff due to an acknowledged mistake by the payroll company that has since been corrected.

56.    Denied.

57.    Denied.

**ANY AND ALL ALLEGATIONS OF PLAINTIFF'S COMPLAINT NOT HERETOFORE ADMITTED, DENIED, OR REFERENCED WITHOUT KNOWLEDGE, ARE HEREBY DENIED IN THEIR ENTIRETY.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has sued the incorrect entity—Defendant OIC is not and has never been Plaintiff's employer.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or part by 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

**THIRD DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff seeks recovery for activities that are not compensable or do not constitute hours worked under the FLSA, including activities which are preliminary and postliminary to principal activities.

**FOURTH DEFENSE**

Plaintiff may not recover liquidated damages because all conduct complained of was undertaken in good faith, for legitimate business reasons, and not for purposes of evading substantive obligations under the FLSA.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or other equitable defenses.

**SIXTH DEFENSE**

No contract exists between Plaintiff and any Defendant.

**SEVENTH DEFENSE**

To the extent any overtime liability, if found, is *de minimus*, claims for such amounts are not subject to payment and do not constitute violations of the FLSA.

**EIGHTH DEFENSE**

In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendants, or additional payments made to Plaintiff to which she was not otherwise entitled, including but not limited to wage overpayments.

**NINTH DEFENSE**

Plaintiff's claims are barred to the extent that she worked overtime without Defendants' actual or constructive knowledge, i.e., Defendants did not suffer or permit that work.

**TENTH DEFENSE**

Plaintiff waived and/or is estopped by unclean hands from asserting claims to the extent the claims are based upon an alleged failure to pay wages because the Plaintiff did not timely or reasonably advise Defendants of any alleged mistakes in payment, or because the Plaintiff already received all compensation to which Plaintiff is entitled.

**ELEVENTH DEFENSE**

Plaintiff's claim for damages in Count I is barred to the extent Plaintiff failed to exercise reasonable diligence in the mitigation of her alleged damages.

**TWELFTH DEFENSE**

To the extent Plaintiff has received benefits from collateral sources or other set-offs, recoupments, earnings, other pay or benefits, Plaintiff's claims should be diminished accordingly.

**THIRTEENTH DEFENSE**

To the extent a false return was filed, it was not filed willfully false and there was no willful intent to defraud; rather, it was filed due to a good faith mistake or belief the filing was correct.

**DEFENDANT RESERVES THE RIGHT TO AMEND ITS DEFENSES AND/OR ASSERT ADDITIONAL DEFENSES TO THE CLAIMS AS ADDITIONAL FACTS MAY BECOME KNOWN DURING DISCOVERY.**

WHEREFORE, having fully answered the Complaint, having asserted affirmative and other defenses, Defendants requests that:

a)   The Complaint be dismissed;

b)   Judgment be entered in favor of Defendants;

c)   All costs be taxed against the Plaintiff;

d)   Defendants recover court costs against Plaintiff as provided by applicable law;

e)   this Court reserve jurisdiction to enter further orders in this case; and

f)   Defendants be awarded such additional relief as the Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 11, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michael Pierro, Jr., 146 Second Street North, Suite 304, St. Petersburg, FL 33701.

BOY AGNEW POTANOVIC MILLER, PLLC
Trial Attorneys for Defendant
23 Barkley Circle
Fort Myers, FL 33907
239.208.6500 (telephone)
239.208.6511 (facsimile)
Email:  suzanne@bapfirm.com
Email:  kati@bapfirm.com
Secondary Email: service@bapfirm.com


By:  _/s/ Suzanne M. Boy_
     Suzanne M. Boy (Lead Counsel)
     Florida Bar No. 35400
     Katherine E. Cook
     Florida Bar No. 1018517